IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>GARY LYLE & ROBERTA JEAN CHRISTIAN,<br><br>Debtors. | Chapter 7<br><br>Case No. 05-24086-SSC<br><br>**MEMORANDUM DECISION** |

## **I. Preliminary Statement**

This matter comes before the Court pursuant to the "Objection to Exemptions and Notice of Bar Date" and "First Amended Objection to Exemptions and Notice of Bar Date" (the "Objection to Exemptions") filed by the Chapter 7 Trustee, Charles Riley, on January 2, 2006. The Trustee objects to the Debtors' claimed homestead exemption in real property located at 28576 124th Drive, Peoria, Arizona ("the Property") on two grounds. First, the Trustee asserts that the Debtors are not entitled to the homestead exemption because they do not own the Property. Second, the Trustee states that to the extent the Debtors are entitled to an exemption, the exemption is limited to the amount of $125,000 pursuant to 11 U.S.C. § 522(p) (2006). The Debtors assert that they are entitled to the exemption in the amount of $150,000 pursuant to Arizona law. The Trustee sold the Property pursuant to the Court's Order of October 18, 2006, granting his Motion to Sell.[1] At the sale hearing on November 30, 2006, the parties requested the Court to rule on their pleadings concerning the Trustee's Objection, at which time the Court took the matter under advisement.

In this Memorandum Decision, the Court has now set forth its findings of fact and conclusions of law pursuant to Rule 7052 of the <u>Rules of Bankruptcy Procedure</u>. The

---

[1] Docket Entry No. 66.

issues addressed herein constitutes a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2006).

## II. Factual Discussion

The facts are undisputed in this matter. The Debtors assert an interest in the Property, listing it on Schedule A of their bankruptcy Schedules,[2] and claim a homestead exemption in the Property on Schedule C, pursuant to A.R.S. § 33-1101 (2006).[3] At the time of filing their bankruptcy petition, the Debtors made no mention of their interest in a limited partnership known as GRC Southwest Limited Partnership ("GRC").

The Debtors first acknowledged an ownership interest in GRC on January 25, 2006, when they amended their Schedule B to reflect said interest.[4] This Amendment was made on the same day that the Debtors filed their Response to the Trustee's Objections to Exemptions.[5] Through the Amended Schedules and the Response, the Debtors reveal that they own a 100% interest in GRC. In turn, GRC owns a 100% interest in the Property.

The Property was originally purchased by Debtor Roberta J. Christian on April 6, 2004.[6] Subsequently, on August 13, 2004, Ms. Christian transferred the Property, by quitclaim deed, to GRC.[7] The Debtors thereafter resided at the property until it was recently sold. Prior to moving into the Property, they resided in Glendale, Arizona for five years or more.

---

**2** See Docket Entry No. 1.

**3** See Docket Entry No. 1.

**4** See Docket Entry No. 27.

**5** See Docket Entry No. 29.

**6** See Docket Entry No. 23, Exhibit B.

**7** See Docket Entry No. 23, Exhibit A.

### III. Discussion

Since Arizona is an opt-out jurisdiction, the outcome of this matter is predicated on whether the Debtors are entitled to a homestead exemption pursuant to A.R.S. § 33-1101 (2006).[8] The Debtors rely on the Ninth Circuit's decision of In re Casserino, 379 F.3d 1069 (9th Cir. 2004) as dispositive of the issues herein. They believe that the Casserino Court permitted the homestead exemption claim, because the debtor actually occupied the property in question.

In Casserino, a debtor entered into an apartment lease which required that he pay the sum of $2,000, comprised of prepaid rent and a security deposit. At the time the bankruptcy petition was filed, the landlord retained the amount of $1,150 of the total deposited. The debtor claimed a homestead exemption in the $1,150. The lower court held that under Oregon law, "a homestead may be claimed in any interest in property that carries with it the right of possession, including tenancy." Id. at 1071. This holding was affirmed by the Bankruptcy Appellate Panel ("BAP"), and subsequently, the Ninth Circuit, which stated, "because a residential lessee owned a possessory interest in the leased property, the lease fell within the definition of 'homestead.'" Id. at 1072-74. The Circuit Court concluded that the payment of the security deposit and prepaid rent were, in that case, an integral part of the lease. Id. at 1074. Without having paid those obligations, the debtor could not have obtained

---

**8** 11 U.S.C. § 522(b) (West 2006) allows an individual debtor to exempt certain property from the estate. The debtor may choose the exemptions set forth in Subsection 522(d), "unless the State law that is applicable to the debtor under paragraphs (2)(A) of this subsection specifically does not so authorize." Paragraph (2)(A) provides that the state law applicable to the debtor is the "State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition." In this case, the Debtors' domicile has been located in Arizona for at least 5 years. Arizona "residents . . . are not entitled to the federal exemptions provided in 11 U.S.C. § 522(d)." A.R.S. § 33-1133(B) (West 2006). Debtors residing in opt-out jurisdictions, such as Arizona, must proceed under Subsection 522(b)(2)(A), which allows a debtor to exempt "any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition."

3

a cognizable ownership right to possess the property. Thus, the debtor's payment was exempt under Oregon's homestead statute. Id. at 1074-75.

The Debtors, in this matter, argue that Oregon law and Arizona law are strikingly similar and, if anything, the Arizona homestead statute is broader. Oregon Revised Statute §18.395 (West 2006) states:

> A homestead shall be exempt from sale and execution from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $25,000, except as otherwise provided by law . . . . The homestead must be the actual abode of and occupied by the owner, or the owner's spouse, parent, or child.

Comparatively, A.R.S. § 33-1101 (West 2006) states:

> A. Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding one hundred fifty thousand dollars in value, any one of the following:
> 1. The person's interest in real property in one compact body upon which exists a dwelling house in which the person resides.

Although these statutes may appear similar, a careful review of Arizona law reveals that the Casserino decision is inapplicable to the case at bar.

Under the Arizona statute, a person asserting a homestead exemption must hold an interest in real property for the claim to be upheld. In determining whether the Debtors hold an interest in the Property, the Court returns to the Debtors' Bankruptcy Schedules. As reflected in Amended Schedule B, the Debtors hold an interest in GRC, which is properly listed by the Debtors as an interest in personal property. Indeed, by operation of Arizona law, the Debtors may only list the GRC interest as an interest in personal property. See A.R.S. § 29-339 (West 2006). In order to claim a homestead exemption under Arizona law, the interest held must be held in *real property*. See A.R.S. §33-1101 A (West 2006). Accordingly, the Debtors' mere ownership of GRC, an interest in personal property, does not meet the statutory requirements of Section 33-1101.[9]

---

**9** Although not dispositive, the Oregon statute does not require a debtor to hold a similar interest in real property.

4

Moreover, of critical concern to this Court is the disparity between the facts of this case and those set forth in the <u>Casserino</u> decision. The debtor in <u>Casserino</u> was able to rely on a written lease, which gave him a right to occupy the property in exchange for the consideration he had paid. He was able to exempt that consideration, because he obtained a legal right of possession of the real property as a result of the payment. Here, however, the Debtors have no right of possession of the Property. They claim a real property interest in the Property via their personal property interest in GRC. However, the Debtors extinguished any real property interest they had in the Property when Ms. Christian transferred her ownership interest to GRC, because GRC is a separate entity. <u>See</u> A.R.S. §10-140(22) (2006).[10] Once the Property was transferred, it became an asset of GRC, a limited partnership, because "[p]roperty acquired by a partnership is property of the partnership and not of the partners individually." A.R.S. § 29-1013 (2006). As such, the Debtors only held a personal property interest in GRC. GRC, as a separate entity, held an interest in the Property. Importantly, the Debtors have been unable to produce any documentation reflecting that GRC granted the Debtors a legal right of possession of, or interest in, the Property. Without GRC's grant to the Debtors of a right of occupancy or possession, the Debtors have no cognizable interest in the Property. Thus, their reliance on a "right to possession" as giving rise to a homestead exemption is misplaced.

Finally, it is clear that the Arizona Legislature did not intend to allow an interest in a limited partnership to constitute an interest in real property under the homestead exemption, because of a statutory provision allowing debtors to claim a homestead exemption in property owned by a specific entity under specific circumstances. A.R.S. § 33-1104(E)

---

**10** A.R.S. § 10-140(22) (West 2006) defines "entity" as including a corporation, foreign corporation, not for profit corporation, profit and not for profit unincorporated association, nonprofit corporation, close corporation, corporation sole or limited liability company, a professional corporation, association or limited liability company, a business trust, estate, partnership, registered limited liability partnership, trust or joint venture, two or more persons having a joint or common economic interest, any person other than an individual and a state, the United States and a foreign government.

5

(2006) provides that, "[n]otwithstanding the provisions of subsection A, paragraph 2 of this section, a transfer of the homestead . . . for conveyance under a trust . . . in which the claimant retains the power to administer and revoke the trust shall not constitute an abandonment of the homestead."  Under this provision, the Arizona Legislature recognizes that an individual's transfer of an interest in homesteaded real property shall not constitute an abandonment of that interest so long as the interest is held in a revocable trust over which the individual has control.  The Legislature specifically stated that when an individual chooses to hold real property in a specific type of trust, the individual, by virtue of the interest in the trust, may claim a homestead exemption in the real property even though the individual no longer holds said interest.  The Legislature could have drafted an identical exception for limited partnerships, or for any other entity in which real property is commonly held, but it did not.  Unless the real property is held by an entity within the exception created by A.R.S. § 33-1104(A), a debtor may not claim a homestead exemption in the property.

This Court is mindful that "Arizona law requires that the homestead exemption be liberally construed to further its fundamental purpose:  protecting the family from 'the forced sale of home property.'"  In re Renner, 822 F.2d 878, 880 (9th Cir. 1987) (internal citations omitted).  The Oregon Legislature sought a similar result.  Casserino at 1073.  However, the Renner Court's conclusion that the Arizona homestead exemption should be liberally construed is tempered with the warning that "a complete failure to comply with any one of the statutory requirements contained in A.R.S. § 33-1102 renders the applicant's declaration invalid."  Accordingly, the Court finds that the Debtors have no homestead exemption in the Property, or the sale proceeds therefrom.

Because the Court has found that the Debtors have no homestead exemption in the Property, or the proceeds therefrom, it is unnecessary to reach a determination of the applicability of 11 U.S.C. § 522(p) in this matter.[11]

---

**11**  11 U.S.C. §522(p)(West 2006) places an exemption cap of $125,000 on certain real property which has been determined to be  exempt, but has been recently acquired, so that the

## IV. Conclusion

Based upon the foregoing, the Court concludes that the property located at 28576 124th Drive, Peoria, Arizona is owned by GRC Southwest Limited Partnership. Therefore, pursuant to A.R.S. § 33-1101 (2006), the Debtors cannot claim a homestead exemption in said Property. The Trustee's Objection to Exemptions is sustained.

DATED this 13th day of December, 2006.

*[signature]*

Honorable Sarah Sharer Curley
U. S. Bankruptcy Judge

BNC to Notice

---

applicable state law exemption amount may be reduced. The Court also notes that the Chapter 7 Trustee's sale of the Property apparently yielded only $5,000 in net proceeds. Thus, even if this Court were to rule in the Debtors' favor, the amount of their exemption would be limited to the net proceeds of $5,000.